# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL NO. 3:12-cv-0319 |
| v. ) | JUDGE JOHN T. NIXON |
| ) | Magistrate John S. Bryant |
| DARYL C. BYRD, ) | |
| ) | |
| **Defendant.** ) | |

## ENTRY OF DEFAULT

Plaintiff has filed an Application for Entry of Default, with a supporting Declaration, against Defendant Daryl C. Byrd pursuant to Fed. R. Civ. P. 55(a). A default judgment is a two part process and no default judgment may be granted pursuant to Fed. R. Civ. P. 55(b) until default has been entered pursuant to Fed. R. Civ. P. 55(a). *U.S. v. $22,050.00 U.S. Currency,* 2008 WL 4093066 at *3 (M.D. Tenn. Aug. 26, 2008); *Ramada Franchise Sys., Inc. v. Baroda Enter., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004). Accordingly, Plaintiff must file a motion for default judgment following this Entry of Default and wait the requisite period for a response from Defendant before any default judgment will be granted by the Clerk pursuant to Fed. R. Civ. P. 55(b)(1).

Service has been obtained on Defendant (D.E. 3), and more than twenty-one (21) days have passed. The Defendant has made no appearance, answer, or other responsive filing. The Plaintiff shows that the Defendant is neither an infant nor an incompetent, nor is the Defendant in the military within the meaning of the Soldier's and Sailor's Civil Relief Act of 1940, as amended; therefore, the entry of default is now appropriate.

Accordingly, default is hereby entered against Defendant Daryl C. Byrd. Plaintiff may now proceed under Fed. R. Civ. P. 55(b)(1) and file a motion seeking a default judgment against the Defendant.

Entered this 1st day of June, 2012.

>KEITH THROCKMORTON, CLERK
>UNITED STATES DISTRICT COURT
>MIDDLE DISTRICT OF TENNESSEE
>
>*s/ Keith Throckmorton*
>Clerk